IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADVERTISING SPECIALTY INSTITUTE,   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No. 03 C 8780
                                   )
HALL-ERICKSON, INC. d/b/a The      )
Motivation Show, and NATIONAL      )
PREMIUM SHOW, INC., d/b/a The      )
Motivation Show,                   )
                                   )
          Defendants.              )

## MEMORANDUM OPINION

Before the court is plaintiff's motion for reconsideration of our ruling on defendants' motion for summary judgment. For the reasons stated below, the motion is denied.

## BACKGROUND

This is a breach of contract action brought by Advertising Specialty Institute ("ASI") against Hall-Erickson, Inc. ("Hall-Erickson") and National Premium Show, Inc. ("NPS"). Plaintiff ASI is a corporation that is involved in the promotional products industry. In its own words, ASI "acts as a meeting place where suppliers of promotional products can interact with distributors of promotional products." (Amended Complaint, ¶ 7.) Defendants Hall-Erickson and NPS are in the business of producing and managing trade shows; one of their shows, "The Motivation Show," is held

annually in Chicago and is self-described as "The World's Largest Collection of Incentive Merchandise, Travel & Meeting Destinations, Recognition Awards, Promotional Products and Business Gifts." (Id. ¶¶ 8-9, 11.) ASI sues on a written contract (the "ASI Agreement") that it entered into with, ostensibly, The Motivation Show that concerned ASI's participation in the show from November 1, 2000 through October 31, 2003.

The relevant facts of the case are set forth in our Memorandum Opinion of July 31, 2006, in which we ruled on NPS's motion for summary judgment, and will not be repeated here. (Previously, both defendants had moved for summary judgment. We held oral argument on defendants' motions and had concluded that there are genuine issues of fact as to whether defendant Hall-Erickson was a party to the ASI Agreement; whether NPS caused the Chicago Convention and Tourism Bureau to permit Promotional Products Association International ("PPAI"), a competitor of ASI, to conduct its 2003 show at McCormick Place at the same time defendants conducted The Motivation Show; and whether the two shows were competitive. We asked the parties to submit supplemental briefs addressing some remaining issues in NPS's motion.) In our memorandum opinion, we granted NPS's motion in large part, denying it only to the extent that we found a genuine factual issue as to whether defendants breached a "right of first refusal" provision in the ASI Agreement prior to terminating the ASI Agreement.

One of plaintiff's arguments in its summary judgment briefs was that NPS breached the ASI Agreement by violating a provision that prohibited defendants from "enter[ing] into similar agreements with any other entity . . . for a period of twelve (12) months following any termination." Our discussion in relation to that argument was as follows:

> <u>[T]here is no evidence from which a jury could reasonably find that defendants entered into a "similar agreement" with PPAI (or any other entity) either prior to termination of the Agreement or during the twelve-month period after termination</u>. . . . The Agreement prohibited defendants from extending "this agreement" to any other association such as PPAI, and from entering into "similar agreements" with any other entity during the twelve months after termination. There is no evidence that defendants extended the Agreement to any other association during the time the Agreement was in effect. Moreover, plaintiff has failed to come forth with any evidence that defendants entered into a "similar agreement" during the time the Agreement was in effect or during the twelve-month period. <u>An agreement "similar" to the Agreement between the parties would necessarily involve The Motivation Show allowing a competitor of plaintiff to have an exhibit in the show. That is not what occurred with PPAI; it is doubtful that defendants entered into any agreement with PPAI, but there is no evidence that defendants entered into a "similar" agreement with PPAI.</u>

(Memorandum Opinion of July 31, 2006 at 8-9 (emphasis added).)

Plaintiff moves to reconsider in regard to the above-emphasized language, contending that it is undisputed that PPAI did in fact have an exhibit at The Motivation Show and that therefore, PPAI had a "similar agreement" with defendants. Plaintiff also argues (in its reply brief only and not in its principal brief) that we erred in ruling that a "similar agreement" would have to

include a provision for exhibition in The Motivation Show; according to plaintiff, we mistakenly construed the word "similar" as synonymous with "the same."

Defendants concede that it is undisputed that PPAI had an exhibit at the 2002 and 2003 Motivation Shows[1] but contend, among other things, that plaintiff has never alleged that the ASI Agreement was breached by the exhibit, nor did plaintiff rely on the existence of the booth in arguing that defendants entered into a "similar agreement" with PPAI.

Defendants are correct that plaintiff did not rely on the exhibit as a basis for its argument that defendants entered into a "similar agreement" with PPAI. Plaintiff acknowledges that it did not "highlight" this fact. This is an understatement; not only did plaintiff fail to "highlight" the fact, it failed to include the fact in its Rule 56.1 Statement as a fact that would prevent the entry of summary judgment, and it failed to argue that the exhibit was evidence that defendants entered into a "similar agreement" with PPAI. Rather, plaintiff relied on the co-location of PPAI's show with The Motivation Show as the basis for its argument. Now plaintiff has shifted gears and is relying on a new theory, which is not appropriate in a motion to reconsider. See Granite State Ins. Co. v. Degerlia, 925 F.2d 189, 192 n.7 (7th Cir. 1991) (a

---

[1] Even if PPAI had an exhibit in The Motivation Show, it is still undisputed that PPAI did not have an exhibit within the ASI products pavilion, as discussed in footnote 5 of our previous opinion.

motion to reconsider does not serve as the occasion to tender a new legal theory for the first time).

Even if plaintiff had raised the argument earlier, it would not have been successful. An agreement "similar" to the ASI Agreement would have to include "similar" terms. We agree with plaintiff that a "similar agreement" does not have to be identical, but it would have to include more than one of the same essential terms. The word "similar" means "having characteristics in common" or "alike in substance or essentials." <u>Webster's Third New International Dictionary</u> 2120 (1971). That PPAI had an exhibit in The Motivation Show is not enough to create a genuine issue of fact as to whether PPAI and defendants entered into a "similar agreement." Taking plaintiff's position to its logical extreme, each exhibit in the show is evidence that the affiliated exhibitor had an agreement with defendants similar to the ASI Agreement, which is absurd.

The ASI Agreement had several essential terms. One was that ASI would receive not merely an exhibit at The Motivation Show, but an entire pavilion. Even if it is undisputed that PPAI had an exhibit at the show, there is no evidence that there was an agreement to provide it with a entire pavilion like that of ASI. Moreover, as the court suggested to plaintiff's counsel at oral argument on the summary judgment motions, another essential term was the "right of first refusal" given to ASI "concerning any

activity" involving the promotional products industry. An agreement "similar" to the ASI Agreement would have to include a similar term, and there is no evidence that defendants agreed to give PPAI a right of first refusal. Plaintiff's contention that the arrangement between defendants and PPAI served similar goals and provided similar benefits as the ASI Agreement misses the point: the issue is whether defendants and PPAI _agreed_ to terms similar to those of the ASI Agreement, not whether the goals and the benefits of the respective relationships were similar.

## **CONCLUSION**

Plaintiff's motion to reconsider our ruling on defendant NPS's motion for summary judgment is denied.

DATE:        October 26, 2006

ENTER:       _____
             John F. Grady, United States District Judge